IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UEP PENONOME II, S.A., Plaintiff, v. GOLDWIND USA, INC., Defendant. | No. 17-CV-4856<br>Judge Samuel Der-Yeghiayan<br>Magistrate Judge Daniel Martin |

**MOTION FOR LEAVE TO FILE UNDER SEAL**
**DEFENDANT'S MOTION TO STAY LITIGATION**

Defendant Goldwind USA, Inc. ("Goldwind-USA"), through its attorneys and pursuant to Fed. R. Civ. P. 5.2(a) and Local Rule 26.2, files this Motion for Leave to File Under Seal Defendant's Motion to Stay. In further support of this motion, Goldwind-USA states as follows:

1. Goldwind-USA intends to file a motion to stay this litigation based on the pendency of a parallel arbitration proceeding (the "Arbitration") before the American Arbitration Association (the "AAA"). The Arbitration involves UEP Penonome II, S.A. ("UEP II") and two of Goldwind-USA's foreign affiliates.

2. To justify why a stay is warranted in this case, Goldwind-USA may seek to attach a copy of UEP II's statement of claim to its motion and will otherwise characterize the claims, allegations, and evidence produced in the Arbitration. It will likewise discuss the 2014 Amended and Restated Turbine Supply Agreement ("TSA") referenced in UEP II's complaint, which is a confidential agreement that mandates that any disputes related to it be resolved by arbitration.

3. Privacy is a key characteristic of arbitration. Disclosure of confidential arbitration documents undermines this benefit and, in the process, runs afoul of federal policy favoring

arbitration. *Cf. Global Reinsurance Corp. v. Argonaut Ins. Co.*, 07 Civ. 8196(PKC), 2008 WL 1805459, at *1 (S.D.N.Y. April 18, 2008) (stating that the strong federal policy favoring the voluntary arbitration of disputes is promoted "by permitting one of the principle advantages of arbitration—confidentiality—to be achieved").

4. The parties to the underlying TSA agreed that any disputes concerning the TSA would be arbitrated and expected that they would remain confidential. In furtherance of the parties' expectations of confidentiality, on October 27, 2016, the Arbitration panel in this matter entered a protective order (the "Protective Order") that provides that "all information and documents produced in connection with th[e] Arbitration . . . shall be deemed CONFIDENTIAL, regardless of whether it has been physically labeled as such."

5. So as not to run afoul of the AAA's Protective Order or the parties' expectation of confidentiality, Goldwind-USA respectfully requests leave to file its Motion for Stay under seal.

WHEREFORE, Defendant Goldwind USA, Inc. respectfully requests that the Court enter a sealing order granting it leave to file its Motion to Stay Litigation under seal and granting such further relief as this Court deems just and proper.

Respectfully submitted,

GOLDWIND USA, INC,

By: /s/Steven P. Blonder
One of Its Attorneys

Josh M. Leavitt
Steven P. Blonder
Marissa L. Downs
Much Shelist, P.C.
191 N. Wacker, Suite 1800
Chicago, IL 60606
P: (312) 521-2000
F: (312) 521-2562
jleavitt@muchshelist.com
sblonder@muchshelist.com
mdowns@muchshelist.com